# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Javier GONZALEZ-PEREZ**,
Petitioner,

v.

**UNITED STATES OF AMERICA,**
Respondent.

**Civ. No. 16 – 3046 (ADC)**
(Related to Crim. No. 15 – 162 (JAF))

## UNITED STATES OF AMERICA'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, § 2255

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and very respectfully states as follows:

On October 11, 2016, Defendant timely filed a *pro se* Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV ECF Nos. 1, 1-1).[1] Defendant argues that his guilty plea was the product of coercion and misrepresentation and, therefore, not knowing and voluntary; counsel failed to file a notice of appeal; and that his plea to count six was the result of faulty and erroneous legal advice. According to Defendant, these combined failures amount to ineffective assistance of counsel.

---

[1] All citations to the record will be to Crim. No. 15-162 (JAF) except those preceded by "CV" which will indicate citations to this civil case.

UNITED STATES OF AMERICA'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255
*Javier GONZALEZ-PEREZ v. United States of America*
Civ. No. 16 - 3046 (ADC)
Page 2 of 8

## BACKGROUND

Gonzalez-Perez was the second of sixty-one defendants charged in a ten count Indictment rendered by a District of Puerto Rico Grand Jury on March 5, 2015. (ECF No. 3). On July 29, 2015, Gonzalez-Perez pled guilty to Counts One and Six charging conspiracy to possess with intent to distribute controlled substances and possession of a firearm during and in relation to a drug trafficking crime. (ECF No. 653). The Plea Agreement Sentencing Guideline calculations for Count One started at Base Offense Level 30 and after applying upward adjustments for protected location and supervisory role, and a downward adjustment for acceptance of responsibility, arrived at a Total Adjusted Offense Level 31. (ECF No. 667, p. 5). Regardless, Count One carried a mandatory minimum sentence of one hundred twenty (120) months incarceration and Count Six carried a consecutive mandatory minimum sentence of sixty (60) months incarceration. 21 USC 841(a)(1) and (b)(1)(A)(ii); and 18 USC 924(c)(1)(A)(i). (*Id.*, pp. 2 and 5). Gonzalez-Perez waived his right to appeal, acknowledged his complete satisfaction with counsel, and further acknowledged that he fully understood the terms of the Plea Agreement, carefully reviewed every part of it with his attorney, and voluntarily signed it. (*Id.*, pp. 6 and 10). On November 4, 2015, Gonzalez-Perez was sentenced in accordance with the recommendation contained in the Plea Agreement to a combined total one hundred eighty (180) months incarceration. (ECF No. 1184). Gonzalez-Perez did not file a notice of appeal.

## LEGAL STANDARD

To establish ineffective assistance of counsel, a petitioner must show both that his performance was deficient and that he suffered prejudice as a result of the deficiency. *Strickland*, 466 U.S. at 686-96. To show deficient performance, a petitioner must "establish that counsel was not acting within the broad norms of professional competence." *Owens*, 483 F.3d at 57 (citing *Strickland*, 466 U.S. at 687-91). To show prejudice in the context of a guilty plea, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Supreme Court applied the *Strickland* test and provided bright-line rules for evaluating an ineffective assistance claim based on the performance of an attorney who has consulted with a criminal defendant about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). "[A] defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* At 477. However, "a lawyer who disregards specific instruction from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477-478. If counsel fails to "file a requested appeal, a defendant is 'entitled to [a new] appeal without a showing that his appeal likely would have had merit'." *Id.* at 477 (quoting *Peguero v. United States*, 526 U.S. 23, 28 (1999)).

Even when a defendant has not clearly conveyed his wishes one way or the other, counsel may still be ineffective for failing to file an appeal if he did not consult with the defendant about an appeal by failing to "advis[e] the defendant about the advantages and disadvantages of taking an appeal" or "mak[e] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528

U.S. at 478. "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal) or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. In making this determination, relevant factors include "whether the conviction follows a trial or guilty plea", "whether the defendant received the sentenced bargained for as part of the plea" and "whether the plea expressly reserved or waived some or all appeal rights." *Id.*

**DISCUSSION**

Petitioner raises three issues that he alleges amount to ineffective assistance of counsel. His requested remedy is a withdrawal of his plea to Count Six and a resentence to one hundred twenty (120) months on Count One only.  (CV ECF No. 1).

Petitioner's first and third allegations are premised on the same basic argument:  that his guilty plea was the product of coercion and misrepresentations thereby negating the requirement that it be entered knowingly and voluntarily. He levels these allegations against the two attorneys retained to represent him as well as the attorney of a codefendant whose assistance, according to Petitioner, was sought in order to pressure him into accepting the terms of the Plea Agreement. (CV ECF No. 1.1, pp. 3-6; 17-18).

Although Petitioner provides intimate details of conversations he claims to have had with the offending attorneys and the advice they provided, the speciousness of his allegations becomes apparent when one considers that he is seeking neither to withdraw his plea nor reduce his sentence

**UNITED STATES OF AMERICA'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255**
*Javier GONZALEZ-PEREZ v. United States of America*
Civ. No. 16 - 3046 (ADC)
Page 5 of 8

as to Count One. His allegations are further undermined by his conduct at his change of plea and sentencing hearings.

Petitioner pled guilty on July 29, 2015 along with two of his codefendants, neither of whom were represented by the attorneys he now accuses of misconduct. After being placed under oath the Court inquired as to his competence and his attorney's performance, about which Petitioner expressed satisfaction. (ECF No. 1716, p. 10 lines 12-22).

The Court then explained the rights that Petitioner was giving up, the charges in the Indictment, and the elements that the Government must prove. (*Id.* p. 11-18). Petitioner asserted that he harbored no doubts about the charges to which he was pleading. (*Id.* p. 18 line 22 – p. 19 line 3). Petitioner was advised of the statutory penalties for both counts, the fact that the sentences must run concurrent, as well as the fact that sentencing recommendations are not binding on the Court. (*Id.* p. 19 line 4 – p. 24, line 4). Petitioner then averred that he *was not threatened or forced in any way to plead guilty*. (*Id.* p. 25 line 4-11).

Thereafter, while discussing the Guideline Calculations contained in the Plea Agreement, Petitioner was again informed of the statutory mandatory minimum and consecutive nature of the sentences he faced. (*Id.* p. 28 line 21 – p. 29 line 11). And once again Petitioner expressed satisfaction with his attorney. (*Id.* p. 31 line 17 – p. 32, line 6). Finally, Petitioner agreed that no other promises had been made to induce him to plead guilty. (*Id.* p. 36 line 9-15).

Petitioner was duly sentenced on November 4, 2015. (ECF No. 1713). Present in the courtroom were his common-law wife, parents, eldest son, former wife, nephew, former boss, cousin, and four friends. (*Id.* p. 4 line 11 – p. 5 line 5). He once again admitted his guilt through

his attorney (*Id.* p. 6 line 2-4; p. 7 line 8-9) and expressed remorse for his actions. (*Id.* p. 8, line 3-4).

As the Court can plainly see, the terms of his plea were clearly laid out in the Plea Agreement and by the Court at both his change of plea and sentencing hearings. Petitioner never once raised any issues with his representation, never alleged that he was coerced or pressured into pleading guilty, and never expressed doubts or confusion with respect to his Plea Agreement or the consecutive nature of this sentences. Petitioner knowingly and voluntarily pled guilty without reservation.

Petitioner's second allegation is that counsel failed to file a notice of appeal despite his specific instruction to do so immediately following his sentencing. (CV ECF No. 1-1, p. 13). In support of his argument, Petitioner submitted a March 2, 2016 letter addressed to his attorney inquiring about the status of his appeal. (*Id.* Attachment A).

Although nothing in the record supports Petitioner's current self-serving assertion, it raises a question of fact which, if true, runs afoul of *Flores-Ortega*, *supra,* and entitles Petitioner to nothing more than an opportunity to file a delayed notice of appeal. This factual issue can only be resolved after an evidentiary hearing as it requires the Court to make a finding as to the performance of counsel who has a right to be heard on the issue and rebut the allegation being made by Petitioner.

Case 3:16-cv-03046-ADC   Document 3   Filed 02/22/17   Page 7 of 8

UNITED STATES OF AMERICA'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255
*Javier GONZALEZ-PEREZ v. United States of America*
Civ. No. 16 - 3046 (ADC)
Page 7 of 8

## CONCLUSION

Defendant's motion amounts to nothing more than his dissatisfaction with the outcome of his case. As previously stated, Defendant is not seeking to vacate his guilty plea so he can proceed to trial, nor is he requesting to file a delayed notice of appeal; he is merely requesting a modification of his sentence. Having failed to meet his burden under *Strickland* and *Hill*, Defendant is not entitled to the relief his seeks. If an evidentiary hearing is granted, it should be limited to the issue of counsel's alleged failure to file a notice of appeal.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of February, 2017.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

s/*Scott Anderson*
Scott Anderson - G00214
Assistant U.S. Attorney
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918

UNITED STATES OF AMERICA'S RESPONSE TO PETITIONER'S MOTION PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255
*Javier GONZALEZ-PEREZ v. United States of America*
Civ. No. 16 - 3046 (ADC)
Page 8 of 8

## Certificate of Service

I HEREBY CERTIFY that on this 22nd day of February, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to all Counsels of Record. In addition, an exact copy was sent via U.S. Postal Service to Defendant at Federal Correctional Complex, PO Box 1031, Coleman, FL 33521.

s/*Scott Anderson*
Assistant U.S. Attorney